MARSTILLER, J.
concurring.
The Legislature expressed its overarching intent in enacting the Florida Career Offender Registration Act as follows:
The Legislature finds that certain career offenders, by virtue of their histories of offenses, present a threat to the public and to communities. The Legislature finds that requiring these career offend *392 ers to register for the purpose of tracking these career offenders and that providing for notifying the public and a community of the presence of a career offender are important aids to law enforcement agencies, the public, and communities if a career offender engages again in criminal conduct. Registration is intended to aid law enforcement agencies in timely apprehending a career offender. Registration is not a punishment, but merely a status. Notification to the public and communities of the presence of a career offender aids the public and communities in avoiding being victimized by a career offender. The Legislature intends to require the registration of career offenders and to authorize law enforcement agencies to notify the public and communities of the presence of a career offender.
§ 775.26, Fla. Stat. (2009). Thus the safety of the public is the primary purpose of this legislation. That Mr. Cutwright’s whereabouts were unknown for some five months not only hampered law enforcement, but also endangered the public. Section 775.261(4)(d) aims to prevent such a situation by requiring a career offender to present himself or herself at a driver’s license office and report any change of residence within 2 working days after the change occurs. This, as the majority opinion astutely points out, includes a change resulting in the career offender having neither a permanent residence nor a temporary residence as defined in section 775.261(2)(g). And Mr. Cutwright was properly charged with “failfing] to, within two working days after ... a change in his permanent or temporary residence, ... report in person to the driver’s license office of the Department of Highway Safety and Motor Vehicles.” I fully concur in the decision to reverse the order dismissing the information filed against Mr. Cut-wright.
The practical concern raised by this case is that it is unclear how the agencies involved in the registration scheme are to deal with the career offender who reports that he or she is homeless. The Legislature has devised and articulated a method for homeless sex offenders to register a transient residence, see section 94S.035(4)(b), and I urge the Legislature to do the same for career offenders.